FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:45 am, Jul 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KELLY SANDERS,

    Petitioner,

v.

LINDA GETER,

    Respondent.

CIVIL ACTION NO.: 2:20-cv-72

## O R D E R

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, filed this 28 U.S.C. § 2241 action. The record reflects that Petitioner has paid a $5.00 filing fee.

The only proper respondent in a § 2241 case such as this is the inmate's immediate custodian—the warden of the facility where the inmate is confined. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Linda Geter is the Warden at the Federal Correctional Institution in Jesup, Georgia, the Court **DIRECTS** the Clerk of Court to change the docket and record of this case to reflect Linda Geter as the only named Respondent.

The Court directs the United States Marshal to serve a copy of the Petition and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. See Fed. R. Civ. P. 4(i).

The Court orders Respondent to show cause, in writing, why Petitioner's writ should not be granted by filing an Answer within **21 days** of service of the Petition. See Rule 5 of the Rules

Governing Section 2254 Petitions.[1]  **If Respondent seeks dismissal or denial of the Petition, Respondent should file, in lieu of an answer, a motion to dismiss or deny the Petition**. Grounds for a motion to dismiss include, but are not limited to: failure to exhaust available remedies, untimeliness, failure to state a cognizable claim, procedural default, second or successive petition bar, absence of custody at the time the petition was filed, mootness, ripeness, and failure to name the proper respondent.  Respondent must attach complete copies of all files and records cited in support of a motion to dismiss as exhibits to the motion to dismiss.  If Respondent moves to dismiss, and the motion is denied, Respondent must file an answer that complies with Rule 5 within 21 days of denial of the motion to dismiss.

<u>Petitioner is cautioned that, while this action is pending, he shall immediately inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case.</u>

**SO ORDERED**, this 28th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Rules Governing Section 2254 Cases may also apply to habeas actions brought under Section 2241.  Rule 1(b) of the Rules Governing Section 2254 Cases.